ONE 1978 CHEVROLET VAN, Model #CG21305, 2 Wheel Drive, Temporary Identification Number, California 7233613, VIN# CGL 258U190010, Appellant, *v.* THE COUNTY OF CHURCHILL, STATE OF NEVADA, ex rel. DAVID M. BANOVICH, Sheriff of Churchill County, Nevada, Respondent.

No. 12157

October 26, 1981                      634 P.2d 1208

*Robert-Bruce Lindsay,* Reno, for Appellant.

*John S. Hill,* District Attorney, Churchill County, for Respondent.

## OPINION

By the Court, BATJER, J.:

On October 25, 1978, F. Douglas Fischer was arrested in Fallon, Nevada, after he sold amphetamine, a controlled substance, to an undercover narcotics officer. A search warrant was obtained for the van from which Fischer made the sale and amphetamine was seized from a refrigerator in the van.

On behalf of Churchill County, the Sheriff filed a complaint for forfeiture of the van pursuant to NRS 453.301.[1] Douglas Fischer did not contest the forfeiture of his interest in the van. Shelley Fischer, Douglas' wife, contests the forfeiture of her interest on the ground that she is an owner of the van who did not consent to its use in an illegal manner and who was without knowledge of its illegal use by Douglas. Stipulations at the forfeiture hearing limited the factual issue presented for the district court's determination to whether Mrs. Fischer knew that Douglas was using the van to sell a controlled substance or consented to such use.

The district court concluded that NRS 453.301(5)(b) required no "actual consent or knowledge" in order to forfeit a co-owner's interest in a vehicle. The court also found that Mrs. Fischer's testimony was "insufficient to entitle [her] to the protection of NRS 453.301(5)(b)." On these grounds, the district court ordered the forfeiture of Mrs. Fischer's interest. We find that the district court erroneously construed the applicable statute and accordingly reverse the judgment.

---

[1]NRS 453.301 provides, in pertinent part:

The following are subject to forfeiture:

. . . .

5. All conveyances, including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale, possession for sale or receipt of property described in subsections 1 or 2, except that:

. . . .

(b) No conveyance is subject to forfeiture under this section by reason of any act or omission established by the owner thereof to have been committed or omitted without his knowledge or consent.

1.   We cannot agree with the district court's conclusion that NRS 453.301(5)(b), despite its plain language, allows forfeiture of a co-owner's interest in a vehicle even if no knowledge of or consent to the illegal act in question is shown. The statute provides that a vehicle is not subject to forfeiture on the basis of "any act or omission established by the owner thereof to have been committed or omitted without his knowledge or consent."

The court reasoned that "notwithstanding the wording" of the statute, "[c]onsent is inherent in the nature of co-ownership", citing People v. One 1941 Buick Club Coupe, 165 P.2d 44 (Cal.App. 1946). In so doing, the court mistakenly relied upon a case in which the court was called upon to construe a statute which did *not* protect an "innocent owner", and refused to imply such a limitation on behalf of a co-owner. *Compare, e.g.,* In re One 1965 Ford Mustang, 463 P.2d 827 (Ariz. 1970) (construing forfeiture statute, absolute on its face, as inapplicable to innocent owner).

On the other hand, NRS 453.301, drawn from the Uniform Controlled Substances Act, § 505, expressly limits the forfeiture power when the owner establishes that the act justifying the forfeiture was committed without his knowledge or consent. *See* State v. Ozarek, 573 P.2d 209 (N.M. 1978); State v. Meyers, 263 S.E.2d 835 (N.C.App. 1980).

"The law does not favor forfeitures and statutes imposing them must be strictly construed." Wilshire Insurance Co. v. State, 94 Nev. 546, 550, 582 P.2d 372, 375 (1978). *See, e.g.,* Golden Fleece Co. v. Cable Con. Co., 12 Nev. 312, 326-27 (1877) (forfeiture provision, arguably applicable to one locator of mining claim, would not apply to his innocent co-locators). To accept the construction adopted by the lower court would be to deprive the limitation on forfeitures explicitly established by the legislature of any force and effect, since mere ownership would be sufficient to justify a forfeiture. " '[N]o part of a statute should be rendered nugatory, nor any language turned to mere surplusage, if such consequences can properly be avoided'." Torreyson v. Board of Examiners, 7 Nev. 19, 22 (1871), quoted in Paramount Ins. v. Rayson & Smitley, 86 Nev. 644, 472 P.2d 530 (1970).

In short, the lower court's ruling precluded Mrs. Fischer from establishing, under the express terms of the statute, that her interest in the vehicle is not subject to forfeiture on the ground that she neither had knowledge of nor consented to the illegal use of the van by her co-owner. This was error.

2. Alternatively, the court ruled that if actual knowledge were required under the statute, Mrs. Fischer's "unsubstantiated assertion that she lacked such knowledge" was insufficient to entitle her to the protection of the statute. In so doing, the court misconstrued the respective burdens of the county and of an owner in forfeiture proceedings pursuant to the statute.

The county sought to show that Mrs. Fischer knew of Douglas' illegal use of the van. Mrs. Fischer unequivocally denied that she had any knowledge, prior to her husband's arrest, of his possession of a controlled substance. A claimant need do no more to establish a prima facie entitlement to the protection of the statute. Such testimony shifts the burden to the county to make a contrary showing. State v. Ozarek, *supra;* State v. Meyers, *supra. See also* Garner v. State, 175 S.E.2d 133 (Ga.App. 1970); State v. One (1) Certain 1969 Ford Van, 191 N.W.2d 662 (Iowa 1971). Upon consideration of the record in this case, we are constrained to find that this burden has not been met.

The county summarizes its evidence of Mrs. Fischer's knowledge and involvement as follows: "her traveling with Douglas Fis[c]her from Farmington, New Mexico in the Van; the location of the Amphetamine in the Van, in the refrigerator section therein; her being the person initially contacted by [the undercover agent] relative to setting up a buy with her husband; her presence in Room 411 at the Bonanza Inn Motel, Fallon, Churchill County, Nevada; and her subsequent admission to Respondent's attorney, John S. Hill, that she knew that her husband had Amphetamines and had obtained them from a truck driver in Oregon, without clarifying that she obtained this information subsequent to the time of his arrest and as a result of the transaction herein. . . ." No evidence was offered by the county that in her contact with the agent, or in the agent's subsequent discussion with Douglas in Room 411 at the Bonanza Inn Motel, any reference was made to a controlled substance or its purchase. Mrs. Fischer emphatically denied that her statement to Mr. Hill, made some time after her husband's arrest, reflected any knowledge she had prior to the arrest. Mr. Hill did not testify to the contrary.

This court long ago held that since forfeitures are not favored in the law, they "are only held to exist when facts clearly justify." Indiana Nevada v. Gold Hills, 35 Nev. 158,

166, 126 P. 965, 967 (1912). Such is not the case here. We therefore reverse the judgment insofar as it effects the forfeiture of the interests of Shelley Fischer, and remand this case with instructions to enter judgment against plaintiff-respondent and in favor of said claimant.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., concur.