CITY OF SPARKS, POLICE DEPARTMENT, WASHOE COUNTY, NEVADA, Appellant, *v.* CHERY NASON, JEREMY R., a Minor, and a 1981 DATSUN, Its Tools and Appurtenances, Respondents.

No. 20950

March 28, 1991                    807 P.2d 1389

*Dorothy Nash Holmes,* District Attorney, and *Maureen Sheppard-Griswold,* Deputy District Attorney, Washoe County, for Appellant.

*David C. McElhinney,* Reno, for Respondents.

## OPINION

By the Court, Rose, J.:

Respondent Jeremy R. (Jeremy), a minor, was arrested for burglary, and charged with committing a delinquent act under NRS 62.040(1)(b).[1] Upon his arrest, the City of Sparks Police

---

[1]NRS 62.040(1)(b)(1) states:

   1. Except as otherwise provided in this chapter, the court has exclusive original jurisdiction in proceedings:

Department seized the 1981 Datsun pickup truck that Jeremy used in the crime, and of which Jeremy was the registered owner. The City of Sparks filed a forfeiture complaint against Jeremy's truck pursuant to NRS 179.121(2).[2]

Jeremy and his mother moved to dismiss the forfeiture complaint pursuant to NRCP 12(b)(5). They asserted that conveyances are only subject to forfeiture when used in the commission of a felony. Since Jeremy is a juvenile, he was charged with a delinquent act, not a felony. Delinquent acts are not mentioned in the forfeiture statute. Therefore, Jeremy argues that the vehicle used in the commission of his delinquent act cannot be subject to forfeiture.

The district court granted Jeremy's 12(b)(5) motion on the basis that Jeremy committed a delinquent act and not a felony. However, the forfeiture statute should focus on the act, not on the person who committed the act. Although an owner who lacked knowledge of the illegal use of his property need not forfeit the property, such is not the circumstance in this case. Therefore, we now hold that if a delinquent act would have been charged as a felony had it been committed by an adult, then the vehicle used in the delinquent act is subject to forfeiture under NRS 179.121(2).

The district court found that forfeiture statutes should be strictly construed. *See* One 1978 Chev. v. County of Churchill, 97 Nev. 510, 512, 634 P.2d 1208, 1209 (1981) (since statute requires consent to the illegal act, a co-owner who did not consent need not forfeit her interest). However, the statute specifically included vehicles that are used in the commission of a felony. NRS 205.060 defines burglary as a felony. Since Jeremy committed a burglary, even a strict construction of the forfeiture statute does not require dismissal of this case.

NRS 179.1171 defines forfeiture as a civil in rem proceeding which is subject to the Nevada Rules of Civil Procedure. Since a

---

. . . .
(b) Concerning any child living or found within the county who has committed a delinquent act. A child commits a delinquent act if he:
(1) Commits an act designated a crime under the law of the State of Nevada except murder or attempted murder or any related crime arising out of the same facts as the murder or attempted murder, or violates a county or municipal ordinance or any rule or regulation having the force of law; . . .

[2]NRS 179.121(2) provides in pertinent part:
Except as otherwise provided for conveyances forfeitable pursuant to NRS 453.301, all conveyances, including aircraft, vehicles or vessels, which are used or intended for use during the commission of a felony or violation of NRS 202.287 or 465.070 to 465.085, inclusive, are subject to forfeiture. . . .

forfeiture proceeding is in rem, it makes use of the legal fiction that the vehicle committed the crime. Therefore, the proceeding is against the res on the theory that the property is tainted. U.S. v. Property at 4492 S. Livonia Rd., Livonia, 889 F.2d 1258, 1270 (2nd Cir. 1989) (the entire property where drugs were sold was an instrumentality of the crime and must be condemned); U.S. v. Tax Lot 1500, T.P. 38 So., Range 2 East, 861 F.2d 232 (9th Cir. 1988) (property may be forfeited even in light of the Eighth Amendment's proportionality of punishment rule). In this case, Jeremy knowingly used his Datsun in the commission of a burglary. The fact that the juvenile court retained jurisdiction over the criminal proceeding against Jeremy does not change the nature of the crime for which the vehicle was used.

The proceeds from forfeiture actions go toward crime prevention and help defray the costs of court proceedings and law enforcement. Its purpose is remedial and not punitive. Therefore, the state should be able to recover instrumentalities from crimes committed by minors as well as adults.

While the action serves a remedial purpose, the forfeiture itself has an admittedly punitive consequence to the owner who loses his property. We see no reason why juveniles need be protected from this incidental adverse result. Our court system is more lenient with juveniles because they lack life experience, and because youth is a formative time that should not be spent paying for past crimes. However, the punitive result of forfeiture does not deprive the former owner of time or of life experience. Instead, it plainly teaches that crime does not pay.

Accordingly, we reverse the dismissal of this action and remand the matter to district court for further proceedings consistent with this opinion.

MOWBRAY, C. J., SPRINGER and STEFFEN, JJ., concur.

YOUNG, J., dissenting:

I believe that the district court properly granted respondents' summary judgment motion after determining that forfeiture under NRS 179.121(2) cannot be premised on a juvenile's "delinquent act." The language of NRS 179.121(2) unequivocally requires the commission of a *felony* prior to the maintenance of a forfeiture action against a vehicle.

The City of Sparks argues that forfeiture actions under NRS Chapter 179 are civil in nature and that the action proceeds "in rem" against the property and not its owner, thus making it immaterial whether the vehicle was used by an adult in the commission of a felony or by a juvenile in the course of a delinquent act.

In reversing, the majority concurs in what it acknowledges as a "legal fiction." I cannot join in this interpretation. "The proper use of a legal fiction is to prevent injustice, according to the maxim 'in fictione juris semper equitas existat.' " Union Transit Co. v. Kentucky, 199 U.S. 194, 208 (1905), *quoted in* Graves v. Elliot, 307 U.S. 383, 390 (1939) (Hughes, C.J., dissenting). Holmes stated, "[F]iction always is a poor ground for changing substantial rights." Haddock v. Haddock, 201 U.S. 562, 630 (1906). Blackstone criticized forfeiture based on the guilt of the property itself as a "superstition" inherited from the "blind days" of feudalism. 1 W. Blackstone *Commentaries* \*300. I believe that characterization of a forfeiture action as civil or "in rem" has no bearing upon the NRS 179.121 prerequisite that a felony must be committed. Here, at all times, the perpetrator stood accused of merely a delinquent act.

In the absence of any statutory authority for extending forfeiture actions to juveniles accused of delinquent acts, the district court's dismissal under NRCP 12(b)(5) for failure to state a claim was proper. The majority opinion usurps a prerogative of the legislature that could be easily accomplished by the addition of the words "or delinquent act" to NRS 179.121(2) following the word "felony." Until the legislature takes such action, this court should not extend the scope of the forfeiture statutes.

We have stated on numerous occasions that statutes imposing forfeiture should be strictly construed. One 1978 Chev. v. County of Churchill, 97 Nev. 510, 512, 634 P.2d 1208, 1209 (1981); Wilshire Insur. Co. v. State, 94 Nev. 546, 550, 582 P.2d 372, 375 (1978). I believe the majority's departure from this tenet is incorrect and, accordingly, would uphold the district court's dismissal.