NOAH LEVINGSTON, Individually and as Administrator of the ESTATE OF DANIEL W. LEVINGSTON, Appellant, v. WASHOE COUNTY, NEVADA, by and Through the Sheriff of Washoe County, Respondent.

No. 26265

April 2, 1998                                   956 P.2d 84

*Lynn G. Pierce,* Reno, for Appellant.

*Richard A. Gammick,* District Attorney and *Margaret Crowley,* Deputy District Attorney, Washoe County, for Respondent.

# OPINION ON REHEARING

*Per Curiam:*

On April 30, 1996, this court issued an opinion reversing and remanding a final judgment of the district court in a civil forfeiture action. Levingston v. Washoe Co., 112 Nev. 479, 916 P.2d 163 (1996). The county has petitioned for rehearing, contending that the United States Supreme Court's decision in United States v. Ursery, 518 U.S. 267, 116 S. Ct. 2135 (1996), controls the issue presented in this appeal. We agree, and for the reasons set forth below, we grant rehearing and issue this opinion modifying our previous opinion in this case.

## FACTS

The facts underlying this appeal are described in detail in our prior decision. *See Levingston,* 112 Nev. at 481-82, 916 P.2d at 165. On appeal, appellant contended that the district court's order granting Washoe County's complaint pursuant to NRS Chapter 179 for civil *in rem* forfeiture of a Washoe County home violated the Due Process, Double Jeopardy, and Excessive Fines Clauses of the United States Constitution. This court held that the application of Nevada's forfeiture statutes was unconstitutional with respect to two owners of the property, Rita Dennis and David Levingston, because the forfeiture subjected them to double jeopardy. Further, we concluded the forfeiture of Lula Levingston's and Noah Levingston's interest in the subject property may constitute an excessive fine. Therefore, we remanded the matter to the district court for a determination of that issue.

The county timely petitioned for rehearing, and subsequently presented supplemental authority citing to the Supreme Court's *Ursery* decision. Appellant opposes the petition.

## DISCUSSION

In *Ursery,* the United States government instituted a civil *in rem* forfeiture proceeding against respondent Ursery's house. The government alleged that the house had been used to facilitate the unlawful processing and distribution of a controlled substance

(marijuana). Ursery paid the government $13,250 to settle the forfeiture claim. Before the settlement was completed, however, Ursery was criminally indicted for manufacturing marijuana. He was later found guilty, pursuant to a jury trial, and sentenced to 63 months in prison. The Sixth Circuit Court of Appeals reversed Ursery's conviction, concluding that it subjected him to double jeopardy. *Ursery,* 518 U.S. at 272, 116 S. Ct. at 2138-39.

The Court in *Ursery* also reviewed the Ninth Circuit Court of Appeals' decision in United States v. $405,089.23 U.S. Currency, 33 F.2d 1210 (9th Cir. 1994). The *U.S. Currency* case involved a civil *in rem* forfeiture action instituted against various items of property belonging to two individuals who were charged with conspiracy to aid and abet the manufacture of methamphetamine and conspiracy to launder monetary instruments. That civil forfeiture action was deferred while respondents were prosecuted and convicted on the criminal charges. Thereafter, the court granted the government's motion for summary judgment in the civil forfeiture proceeding. The Ninth Circuit Court of Appeals held that the Double Jeopardy Clause prohibited the government from punishing the respondents for a criminal offense and forfeiting their property for that same offense in a separate civil proceeding. *Ursery,* 518 U.S. at 272, 116 S. Ct. at 2139.

In reviewing these decisions, the Supreme Court reexamined whether a civil *in rem* forfeiture constitutes punishment for double jeopardy purposes and reversed the rulings of the Sixth and Ninth Circuit Courts of Appeal. *Id.* at 274-291, 116 S. Ct. at 2140-49. The Court applied a two-step test derived from its previous holdings addressing civil *in rem* forfeitures. *Id.* at 288, 116 S. Ct. at 2147 (citing United States v. One Assortment of 89 Firearms, 465 U.S. 354 (1984); One Lot Emerald Cut Stones v. United States, 409 U.S. 232 (1972); Various Items of Personal Property v. United States, 282 U.S. 577 (1931)). First, the two-step analysis approved in *Ursery* requires an examination of legislative intent to ascertain whether the forfeiture statutes were intended to be civil or criminal. *Id.* at 288, 116 S. Ct. at 2147. If this examination discloses a legislative intent to create civil *in rem* forfeiture proceedings, a presumption is established that the forfeiture is not subject to double jeopardy. *Id.* at 290 n.3, 116 S. Ct. at 2148 n.3.

Second, *Ursery* requires an analysis of "whether the proceedings are so punitive in fact as to '[demonstrate] that the forfeiture proceeding[s] may not legitimately be viewed as civil in nature,' " despite legislative intent to the contrary. *Id.* at 288, 116 S. Ct. at 2147 (quoting *89 Firearms,* 465 U.S. at 366). The "clearest proof" is required to establish that the forfeiture pro-

ceedings are so punitive in form and effect as to render them criminal despite legislative intent to the contrary. *Id.* at 290 & n.3, 116 S. Ct. at 2148 & n.3.

Applying this two-step analysis, the Court determined in *Ursery:* (1) that the forfeiture statutes at issue were intended to establish civil *in rem* proceedings; and (2) that there was "little evidence, much less the 'clearest proof' " that the forfeitures were so punitive in form and effect as to render them criminal despite the contrary statutory intent. *Id.* at 288-291, 116 S. Ct. at 2147-49. Therefore, the Court ruled, the forfeitures and convictions at issue did not offend the Double Jeopardy Clause of the United States Constitution. *Id.* at 291, 116 S. Ct. at 2149.

### *Reconsideration of prior opinion*

In this petition, the county correctly contends that the reasoning in *Ursery* undermines this court's previous opinion. This court's prior opinion was based in large part on the Ninth Circuit Court of Appeals decision in the *U.S. Currency* case that was reversed in *Ursery.*

Appellant contends that this court did not rely heavily upon the Ninth Circuit's decision in *U.S. Currency,* but instead relied upon United States v. Halper, 490 U.S. 435 (1989), and Austin v. United States, 509 U.S. 602 (1993), two cases that were not overturned by *Ursery.*[1] It was the *U.S. Currency* case, however, that applied the *Halper* and *Austin* reasoning to civil forfeitures. Also, as the county observes, *Ursery* quite clearly establishes that *Halper* was never intended to apply to civil *in rem* forfeiture proceedings, and that *Austin* did not involve the Double Jeopardy Clause at all, but was decided solely under the Excessive Fines Clause of the Eighth Amendment. *Ursery,* 518 U.S. at 288, 116 S. Ct. at 2147.

We followed the direction of the Ninth Circuit's decision in *U.S. Currency* in our previous opinion. In determining whether Nevada's forfeiture statute is punitive, we reviewed factors that were enunciated in *Austin,* and applied by the Ninth Circuit in *U.S. Currency.* For example, we looked to the existence of the innocent owner defense as evidence that forfeitures were intended to be punitive. In *Ursery,* however, the Supreme Court stated "we do not think that such a provision, without more indication of an intent to punish, is relevant to" double jeopardy analysis.

---

[1]We note that recently the Supreme Court in large part disavowed the *Halper* decision. *See* Hudson v. United States, 522 U.S. 93, 118 S. Ct. 488 (1997). We also note that the discussion of the issue in *Ursery* by Chief Justice Rehnquist and Justice Stevens demonstrates the confusion caused by the "dicta" in *Halper.*

*Id.* at 291, 116 S. Ct. at 2149. We also referred to the link between forfeitures and illegal activities as evidence that forfeitures are punitive. *Ursery* concludes, however, that "[b]y itself, the fact that a forfeiture statute has some connection to a criminal violation is far from the 'clearest proof' necessary to show that a proceeding is criminal." *Id.* at 291, 116 S. Ct. at 2149.

In sum, we conclude that the double jeopardy analysis articulated in our previous opinion is undermined by *Ursery.* The key determination in this court's double jeopardy analysis was whether Nevada's forfeiture statute constituted punishment. This court applied a test that the Supreme Court has now concluded is not applicable to civil *in rem* forfeitures. Accordingly, we grant the county's petition for rehearing, and reconsider this appeal under the guidance of *Ursery.*[2]

### Application of the Ursery test

The *Ursery* Court announced "[w]e do not hold that *in rem* civil forfeiture is *per se* exempt from the scope of the Double Jeopardy Clause." *Id.* at 290 n.3, 116 S. Ct. at 2148 n.3. As noted above, the Court applied a two-part test to determine whether the forfeiture constitutes punishment. *Id.* at 289, 116 S. Ct. at 2147. The first question under *Ursery* is whether the forfeiture statutes were intended to be civil or criminal in nature.

Appellant contends that Nevada's forfeiture statutes should be considered criminal in nature because they are contained within a section of the Nevada Revised Statutes pertaining to criminal actions—Chapter 179—and a section pertaining to crimes involving controlled substances—Chapter 453. Further, appellant contends that Nevada statutory forfeiture actions are tied to criminal activity and that proceedings for forfeiture mirror the statutory provisions for arrests. We conclude, however, that these factors do not evince a legislative intent to create a criminal rather than civil proceeding.

NRS Chapter 179 applies the rules of civil procedure to forfeiture actions, defines the parties as the plaintiff and claimant, provides that a forfeiture proceeding is an *in rem* proceeding, and establishes that the state's burden of proof is proof by a preponderance of the evidence, not proof beyond a reasonable doubt. *See* NRS 179.1158, 179.1159, 179.1171 and 179.1173. In light of these factors, it is clear that the legislature intended Nevada's forfeiture statutes to be civil, not criminal, *in rem* proceedings.

Second, as in *Ursery,* there is no clear proof that Nevada's

---

[2]To the extent that our reasoning in Wright v. State, 112 Nev. 391, 916 P.2d 146 (1996) conflicts with the approach followed in this opinion, *Wright* is overruled.

statutory forfeiture proceedings are so punitive in form and effect as to render them criminal despite the legislative intent to the contrary. The *Ursery* Court focused particularly on the non-punitive aspects of the forfeiture statutes under review. By linking the forfeiture of property to illegal drug activity that occurs in or on that property, forfeiture encourages property owners to responsibly manage their property and ensures that owners will not permit illegal activities on or in that property. *Ursery,* 518 U.S. at 291, 116 S. Ct. at 2148; *see also* Bennis v. Michigan, 516 U.S. 442 (1996) (forfeiture of a car that was used for illegal sexual conduct did not violate co-owner's rights under Due Process Clause or Takings Clause).

We conclude that pursuant to *Ursery,* the "clearest proof" is not present in this case establishing that the forfeiture of the home at issue should be viewed as criminal rather than civil. The forfeiture served non-punitive goals. It prevented the further illicit use of the house, thereby ensuring that the house would not be used again for illegal purposes and that Rita and David particularly would not profit from illegal conduct.

Further, as this court stated in City of Sparks v. Nason, 107 Nev. 202, 204, 807 P.2d 1389, 1390 (1991), "[t]he proceeds from forfeiture actions go toward crime prevention and help defray the costs of court proceedings and law enforcement. Its purpose is remedial and not punitive." Although Nason indicated that forfeitures have an ancillary punitive effect, as *Ursery* explains, civil *in rem* forfeiture statutes may have punitive aspects that are outweighed by important non-punitive goals.[3] *See Ursery,* 518 U.S. at 289, 116 S. Ct. at 2148.

Appellant argues that the home in this case was not purchased with illegally obtained funds. Specifically, appellant states that the home "had been the long term residence of David and Rita's parents, and there are no facts in evidence to even suggest that either deceased parent had any connection with or involvement in illegal drugs."[4] However, the Supreme Court did not express any concern regarding whether the home forfeited in *Ursery* had been purchased with illegal funds. Instead, the Court stated that when a forfeiture applies to "proceeds" of illegal drug activity, "it serves the *additional* nonpunitive goal of ensuring that persons do

---

[3]*Ursery* also instructs that the phrase "solely to serve a remedial purpose" in *Halper* was mere dictum and that civil penalties are suspect on double jeopardy grounds only to the extent that the sanctions may not fairly be characterized as remedial, but only as deterrents or as retribution.

[4]We note that the innocent owner defense contained within Nevada's forfeiture statute protects owners who are "reasonably ignorant" of the illegal conduct on their property, thereby avoiding the inequitable result alluded to by appellant.

not profit from their illegal acts." *Id.* at 291, 116 S. Ct. at 2148-49 (emphasis added). Importantly, the houses in *Ursery* and in this case were used to facilitate illegal drug activity. We conclude that the forfeiture in this case is virtually indistinguishable from the forfeiture in *Ursery* and is neither punitive nor criminal for purposes of the Double Jeopardy Clause of the United States Constitution.

## CONCLUSION

In our previous opinion, we remanded to the district court for an evaluation of whether the forfeiture was an excessive fine with respect to Lula Levingston's and Noah Levingston's interest in the home. We did not direct the district court to conduct an excessive fines analysis of Rita Dennis' and David Levingston's forfeited interests because we pronounced the forfeiture of those interests invalid on double jeopardy grounds. However, the excessive fines reasoning that applies to Lula's and Noah's interests applies with equal force to Rita's and David's interest.

Accordingly, we grant rehearing and modify our previous opinion. We conclude that Rita and David were not subjected to double jeopardy. However, we remand to the district court to review whether the forfeiture violated the Excessive Fines Clause of the Eighth Amendment of the United States Constitution with respect to all individuals with an interest in the property.

SHEARING, J., concurring:

I agree with the majority that the forfeiture does not implicate the Double Jeopardy Clause, but I do not agree with the finding that the forfeiture is not punitive. Although the forfeiture is punitive, it is not punishing anyone for the same offense as the criminal prosecution. I agree with Justice Kennedy who stated in his concurring opinion in United States v. Ursery, 518 U.S. 267, 116 S. Ct. 2135, 2150 (1996) that "[t]he key distinction is that the instrumentality-forfeiture statutes are not directed at those who carry out the crimes, but at owners who are culpable for the criminal misuse of property." These may or may not be the same persons. Therefore, the Double Jeopardy Clause is not implicated.