THE STATE OF NEVADA, Appellant, *v.*
JOHN ERNEST CLARK, Respondent.

No. 27628

April 2, 1998                                          956 P.2d 83

*Frankie Sue Del Papa,* Attorney General, Carson City; *Richard A. Gammick,* District Attorney, and *Margaret M. Crowley,* Deputy District Attorney, Washoe County, for Appellant.

*David Houston,* Reno, for Respondent.

## OPINION

*Per Curiam:*

### FACTS

On October 17, 1993, respondent John Ernest Clark was arrested and charged with seven counts involving controlled substance violations. The police seized a 1986 Toyota automobile during the arrest. Clark was driving the Toyota when he was arrested. The state filed a complaint for forfeiture of the Toyota pursuant to NRS Chapter 179. Four individuals, including Clark, were named as potential claimants for the automobile. A title search on the car revealed that it was registered to a deceased person. None of the claimants filed an answer to the complaint for forfeiture, and the district court entered a default judgment in favor of the state.

Thereafter, Clark sought dismissal of the criminal charges based on double jeopardy grounds. He claimed that the forfeiture of the Toyota imposed a punishment on him. According to Clark, criminal prosecution arising out of the same incident that gave rise to the automobile forfeiture subjected him to double jeopardy. The district court agreed and dismissed the criminal charges against Clark. The state appeals.

### DISCUSSION

After the parties filed their briefs in this appeal, the United States Supreme Court announced its decision in United States v. Ursery, 518 U.S. 267 (1996). On July 19, 1996, appellant filed a supplemental memorandum that included a copy of the Ursery opinion for this court's consideration. The *Ursery* decision provides a specific two-step approach to determine whether a civil *in rem* forfeiture proceeding subjects an individual to jeopardy for

the purposes of the Double Jeopardy Clause of the United States Constitution. The *Ursery* approach differs markedly from the analysis that previously appeared to govern double jeopardy issues, and that was followed by the district court in this case. Recently, in Levingston v. Washoe County, 114 Nev. 306, 956 P.2d 84 (1998), this court adopted and applied *Ursery's* two-step approach.

Pursuant to the reasoning announced in *Ursery* and *Levingston,* we conclude that: (1) the Nevada legislature intended the forfeiture proceedings at issue here to be civil *in rem* proceedings; and (2) the "clearest proof" is not present in this case establishing that the instant forfeiture is so punitive in form and effect as to render it criminal despite the contrary legislative intent. Therefore, we conclude that the civil *in rem* forfeiture in this case did not subject respondent to double jeopardy.[1]

## CONCLUSION

Respondent Clark was not subjected to double jeopardy. Accordingly, we reverse the district court's order dismissing the criminal charges against him, and we remand this matter to the district court for further proceedings consistent with this opinion.

---

[1]Having so concluded, it is unnecessary to address the state's contention that respondent waived his protection against double jeopardy by failing to appear in the forfeiture proceeding.