136 Nev., Advance Opinion 77

IN THE SUPREME COURT OF THE STATE OF NEVADA

RAJWANT KAUR,
Appellant/Cross-Respondent,
vs.
JASWINDER SINGH,
Respondent/Cross-Appellant.

No. 80090

FILED

DEC 10 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal and cross-appeal from a district court order denying a motion to set aside a divorce decree. Eighth Judicial District Court, Family Court Division, Clark County; Sandra L. Pomrenze, Judge.

*Reversed and remanded.*

Kainen Law Group, PLLC, and Racheal H. Mastel, Las Vegas,
for Appellant/Cross-Respondent.

Law Offices of F. Peter James, Esq., and F. Peter James, Las Vegas,
for Respondent/Cross-Appellant.

---

BEFORE GIBBONS, STIGLICH and SILVER, JJ.

*OPINION*

By the Court, GIBBONS, J.:

In *Vaile v. Eighth Judicial District Court*, 118 Nev. 262, 44 P.3d 506 (2002), we addressed the application of the judicial-estoppel doctrine in the context of divorce decrees entered without jurisdiction. There, the former wife raised a defense to judicial estoppel, arguing that she signed the divorce pleadings under duress and coercion. The district court rejected

20-44871

her defense because she failed to present sufficient evidence, and we affirmed.

In this appeal, we clarify that *before* considering whether a party sufficiently raised a defense to the application of the doctrine of judicial estoppel, district courts should consider whether judicial estoppel applies to the situation under the traditional judicial-estoppel factors. Misguided by our holding in *Vaile*, the district court here did not consider the traditional judicial-estoppel factors before considering appellant/cross-respondent Rajwant Kaur's defense of duress and coercion. We therefore conclude the district court erred when it applied judicial estoppel solely based on Rajwant's failure to provide evidence of duress or coercion and remand for the district court to consider the traditional judicial-estoppel factors.

## FACTS

Rajwant and respondent/cross-appellant Jaswinder Singh got married in India in 1989, moved to California in 1993, and have lived together ever since. In 2004, they filed a joint petition for divorce in Las Vegas, claiming they were Nevada residents. Because the couple filed a witness's affidavit corroborating their residency, the district court entered the divorce decree without holding a hearing.

Shortly thereafter, Rajwant married Jaswinder's brother in India. Rajwant claims that Jaswinder ordered her to marry his brother for immigration purposes. About three weeks later, Rajwant and Jaswinder returned to California, *without* Jaswinder's brother, and the couple continued living together in California.[1]

---

[1]Jaswinder's brother never moved to the United States.

In 2018, Rajwant discovered that Jaswinder married another woman in India, so she filed for divorce in California. After initially filing a response and request for dissolution of the marriage, Jaswinder filed an answer arguing the parties were already divorced, referencing the 2004 Nevada divorce decree. In January 2019, Rajwant moved the Eighth Judicial District Court to set aside the 2004 divorce decree under NRCP 60(b) on two grounds: (1) the parties never resided in Nevada, so the district court did not have jurisdiction and the divorce decree was therefore void; and (2) Jaswinder forced her to sign the divorce decree, which they had jointly submitted to the district court for approval, so it was obtained by fraud. She also contended she could not read the 2004 divorce pleadings, which were written in English, and thus did not know what she was signing.

Jaswinder answered that Rajwant's motion to set aside the 2004 divorce decree, filed in 2019, was untimely. He also argued Rajwant was judicially estopped from challenging the divorce decree under *Vaile*, 118 Nev. 262, 44 P.3d 506. Additionally, he sought attorney fees under NRS 18.010(2)(b) and EDCR 7.60.

After holding an evidentiary hearing, the district court rejected Jaswinder's argument that Rajwant's motion was untimely, finding "the injured party is the State of Nevada," and "[u]ntil the parties bring this in front of the Court, the Court doesn't know there might be a fraud." As to the merits of Rajwant's motion, the district court found that the parties did not live in Nevada for six weeks before filing for divorce, as required by NRS 125.020, so they perpetrated a fraud on the court. Nonetheless, the district court found Rajwant failed to prove she was operating under duress or coercion when she signed the divorce decree, so she was judicially estopped from challenging the decree. In so finding, the court relied on *Vaile*,

concluding that its holding compelled the court to apply judicial estoppel. Finally, the district court found that "because neither party comes to this court with clean hands, neither party shall receive an award of attorney's fees against the other." The district court therefore denied Rajwant's motion to set aside the 2004 decree and Jaswinder's motion for attorney fees. Rajwant appealed, and Jaswinder cross-appealed.

## DISCUSSION

*Rajwant's NRCP 60(b) motion was timely*

As a threshold issue, we first address Jaswinder's argument that Rajwant's motion to set aside the divorce decree was untimely. Jaswinder challenges the district court's finding that the State of Nevada was the injured party, so that Rajwant's motion was not subject to NRCP 60(c)'s six-month limitations period. He also argues that Rajwant failed to file her motion within a reasonable time because she moved to set aside the divorce decree 14 years after it was entered.

We review an order denying an NRCP 60(b) motion to set aside a judgment for an abuse of discretion. *Rodriguez v. Fiesta Palms, LLC*, 134 Nev. 654, 656, 428 P.3d 255, 257 (2018). NRCP 60(c) requires a party to file a motion for relief from judgment "within a reasonable time." NRCP 60(c) imposes an additional time limit on motions based on fraud under NRCP 60(b)(3), which must be filed within six months of the notice of entry of the order. This time limit applies to fraud "by an opposing party" and does not apply to fraud on the court. *See* NRCP 60(b)(3) (defining fraud for purposes of an NRCP 60(b) motion to set aside); *see also NC-DSH, Inc. v. Garner*, 125 Nev. 647, 652, 218 P.3d 853, 857 (2009) (addressing an earlier version of NRCP 60(b)(3) with substantially similar language and providing that fraud by an attorney is not fraud by an adverse party).

Jaswinder failed to cogently argue on appeal that the district court incorrectly found that Rajwant's motion was *not* based on the type of fraud contemplated in NRCP 60(b)(3). Further, he seemingly ignored that Rajwant *also* based her motion on NRCP 60(b)(4), which is not subject to the six-month limitations period. The district court therefore did not abuse its discretion when it found that Rajwant needed only to file her motion "within a reasonable time." *See* NRCP 60(c). Nor did the court abuse its discretion when it concluded that she did so. Rajwant moved to set aside the divorce decree two months after she discovered Jaswinder had married someone else. She testified that up until that point, she believed the 2004 divorce was merely a "paper divorce," as Jaswinder had told her. She also testified that she did not believe she and Jaswinder were divorced because they continued living together. Based on this testimony, which the district court found credible, we conclude the district court did not abuse its discretion when it determined that Rajwant's motion was timely.

*The district court erred in its application of Vaile*

We next address Rajwant's argument that the district court erred when it found that, under *Vaile*, she was judicially estopped from challenging the divorce decree. In its order, the district court found that neither Jaswinder nor Rajwant lived in Nevada, so the parties committed fraud on the court when they filed the joint petition for divorce. Nonetheless, the court determined, based solely on Rajwant's failure to provide evidence of duress or coercion, that Rajwant was judicially estopped from challenging the decree under *Vaile*. Rajwant argues *Vaile* is distinguishable, so the district court erred when it applied judicial estoppel based on this precedent. While we are not persuaded that *Vaile* is distinguishable, we agree the district court erroneously applied *Vaile* in concluding judicial estoppel precluded Rajwant's motion. *Deja Vu*

*Showgirls of Las Vegas, LLC v. State, Dep't of Taxation*, 130 Nev. 711, 716, 334 P.3d 387, 391 (2014) (providing that whether judicial estoppel applies is a question of law that we review de novo).

In *Vaile*, we addressed whether a divorce decree entered without jurisdiction was void or voidable. We concluded that when evidence is admitted demonstrating the parties resided in Nevada for the requisite six-week period before filing for divorce, but in fact neither party ever resided in Nevada, then the district court lacked jurisdiction and the decree is voidable. *Vaile*, 118 Nev. at 271-72, 44 P.3d at 513. Having concluded that the divorce decree was voidable, we next considered whether the former wife, who admitted to Nevada residency when seeking the divorce, was judicially estopped from later challenging the divorce decree for lack of jurisdiction. *Id.* at 273, 44 P.3d at 514. We concluded that under the circumstances of the case, judicial estoppel applied, and we rejected the former wife's defense that she signed the divorce decree under duress or coercion. *Id.* at 274, 44 P.3d at 514.

The district court's determination that the 2004 divorce decree was voidable under *Vaile* was not erroneous. By presenting an affidavit of a resident witness, the parties here made a colorable case for jurisdiction at the time the district court entered the divorce decree. The divorce decree was therefore not void. However, it could still be *voidable* if Rajwant demonstrated that the district court did not have jurisdiction at the time it entered the divorce decree. At the evidentiary hearing, Jaswinder alleged that he and Rajwant lived with a friend for six weeks before filing for divorce in Nevada, but countless discrepancies discredit his testimony. Significantly, Rajwant testified that neither she nor Jaswinder lived in Nevada, which the district court found credible. Because the district court

is in a better position to assess the credibility of witnesses testifying at an evidentiary hearing, we defer to its assessment of Rajwant's testimony. *See Ybarra v. State*, 127 Nev. 47, 58, 247 P.3d 269, 276 (2011) ("Matters of credibility . . . remain . . . within the district court's discretion."). The district court therefore did not err when it found that neither party resided in Nevada for the requisite six weeks, and the divorce decree was voidable under *Vaile*.

The district court's application of judicial estoppel, however, was erroneous. Judicial estoppel prevents a party from stating a position in one proceeding that is contrary to his or her position in a previous proceeding. *Vaile*, 118 Nev. at 273, 44 P.3d at 514. Well-established caselaw sets forth a five-factor test for courts to consider when determining whether judicial estoppel applies: whether "(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake." *In re Frei Irrevocable Tr. Dated Oct. 29, 1996*, 133 Nev. 50, 56, 390 P.3d 646, 652 (2017) (internal quotation marks omitted).

In *Vaile*, we did not focus on this five-factor test.[2] Instead, we addressed the applicability of a defense to the doctrine of judicial estoppel—

---

[2]We nonetheless considered and addressed all five factors of the test. First, we concluded that the former wife successfully asserted that her husband was a resident of Nevada in her answer but asserted a contrary position in her motion to set aside, covering the first four factors in the test for judicial estoppel. *Vaile*, 118 Nev. at 273-74, 44 P.3d at 514. Next, we concluded that the former wife "knew that [her husband] had not resided in

namely, whether the former wife provided sufficient evidence to prove that she signed the divorce pleadings under duress or coercion, thereby precluding application of the doctrine. We concluded that because the district court determined that the former wife "was not coerced or operating under duress," it correctly rejected her defense. *Vaile*, 118 Nev. at 273, 44 P.3d at 514. We therefore affirmed the district court's application of judicial estoppel. *Id.*

The district court here relied primarily on our holding regarding duress and coercion—a *defense* to judicial estoppel—to determine that judicial estoppel applied. In doing so, it failed to first consider whether the five-factor test favored application of judicial estoppel. And although a district court's decision to apply judicial estoppel is discretionary, "judicial estoppel should be applied only when a party's inconsistent position arises from *intentional* wrongdoing or an attempt to obtain an unfair advantage." *NOLM, LLC v. Cty. of Clark*, 120 Nev. 736, 743, 100 P.3d 658, 663 (2004) (internal quotation marks omitted) (emphasis added). A party seeking application of this doctrine must therefore show that "the first position was not taken as a result of ignorance, fraud, or mistake." *Id.* (internal quotation marks omitted). Significantly, the district court failed to make findings regarding whether Rajwant was operating under ignorance, fraud, or mistake when she signed the divorce decree, in light of her claims that she could not read or understand the decree. Had the district court made findings concerning this factor and determined that Rajwant *was* operating

Nevada for six weeks when she signed the [A]nswer," recognizing that the former wife's actions were not the result of ignorance, fraud, or mistake under the fifth factor of the test for judicial estoppel. *Vaile*, 118 Nev. at 274, 44 P.3d at 514.

under ignorance, fraud, or mistake, it could have declined to apply the doctrine of judicial estoppel without ever reaching the issue of whether Rajwant's defense of duress and coercion was proven.

We recognize that *Vaile* did not focus on the five-factor test in applying the doctrine of judicial estoppel, which caused confusion regarding the district court's obligation to consider this test and make findings for appellate review. We therefore take this opportunity to clarify that *Vaile* did not overrule or alter the caselaw setting forth the five-factor test. After considering and making findings concerning these factors and determining that judicial estoppel applies, district courts can *then* determine whether defenses such as duress or coercion preclude application of the doctrine. Because the district court here did not make findings regarding the five-factor test in its determination of whether judicial estoppel applied, we conclude that it erred.[3]

---

[3]Insofar as Rajwant raises arguments that are not specifically addressed in this opinion, we have considered the same and conclude they need not be reached. This includes numerous arguments Rajwant failed to raise before the district court and arguments that are not dispositive given our reversal of the district court's order. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court . . . is deemed to have been waived and will not be considered on appeal."); *see also First Nat'l Bank of Nev. v. Ron Rudin Realty Co.*, 97 Nev. 20, 24, 623 P.2d 558, 560 (1981) ("In that our determination of the first issue is dispositive of this case, we do not reach the second issue . . . .").

We also decline to overturn *Vaile* because Rajwant fails to demonstrate that its reasoning is clearly erroneous or otherwise flawed. *See Miller v. Burk*, 124 Nev. 579, 597, 188 P.3d 1112, 1124 (2008) ("[U]nder the doctrine of stare decisis, we will not overturn [precedent] absent compelling reasons for so doing."); *cf. Armenta-Carpio v. State*, 129 Nev. 531, 536, 306 P.3d 395, 398 (2013) (departing from precedent but explaining that the decision was "clearly erroneous" and the foundational problems were "more

## CONCLUSION

We clarify that a district court considering whether to apply the doctrine of judicial estoppel should first consider the five-factor test set forth in *Frei Irrevocable Trust*, 133 Nev. at 56, 390 P.3d at 652, before considering whether a party sufficiently raised a defense to the application of the doctrine. Because the district court did not analyze these factors, we conclude it erred. We therefore reverse its order denying Rajwant's motion to set aside the 2004 divorce decree and remand for the district court to consider whether this test favors application of judicial estoppel.[4]

_____, J.
Gibbons

We concur:

_____, J.
Stiglich

_____, J.
Silver

_____

than a mere disagreement with that decision" (internal quotation marks omitted)).

[4]Because we reverse the district court's order denying Rajwant's motion to set aside, we need not reach Jaswinder's argument that the district court abused its discretion when it denied his motion for attorney fees under NRS 18.010(2)(b) and EDCR 7.60.