IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF 3587 DESATOYA DRIVE, CARSON CITY, NEVADA 89701, MORE PARTICULARLY DESCRIBED AS ALL THAT CERTAIN PARCEL OF LAND SITUATE IN THE CITY OF CARSON CITY, COUNTY OF CARSON CITY AND STATE OF NEVADA, BEING KNOWN AND DESIGNATED AS FOLLOWS: PARCEL N-33 AS SHOWN ON PARCEL MAP NO. 1704 FOR STANTON PARK DEVELOPMENT, INC., FILED IN THE OFFICE OF THE RECORDER OF CARSON CITY, NEVADA ON AUGUST 11, 1989 AS FILE NO. 89253, CARSON CITY ASSESSOR'S PARCEL NUMBER: 010-443-11. | No. 80194 |

FILED

OCT 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

SYLVIA FRED,
Appellant,
vs.
INVESTIGATION DIVISION OF THE
DEPARTMENT OF PUBLIC SAFETY
OF THE STATE OF NEVADA (TRI-NET
NARCOTICS TASK FORCE),
Respondent.

*ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order denying a motion to vacate a default judgment in a civil forfeiture matter. First Judicial District Court, Carson City; James E. Wilson, Judge.

In 2015, the State filed a civil forfeiture complaint after determining that drug trafficking occurred at 3587 Desatoya Drive in Carson City (the Home), where appellant Sylvia Fred's brother Elvin lived.

The complaint alleged that Elvin owned the property and that the State had no reason to believe that any other person or entity had an ownership interest in it. After the State served Elvin with a summons and the forfeiture complaint, the parties stipulated to stay the forfeiture proceedings while Elvin's criminal case proceeded, which the district court approved. The State mailed copies of a notice of the stay to Elvin's criminal defense attorney and Sylvia, pro se, sending Sylvia's notice to a P.O. Box in Minnesota. Elvin pleaded guilty to one charge of trafficking, and his criminal case concluded in March 2018.

The State then moved to lift the stay in the forfeiture case, serving notice of the motion and the subsequent order granting it on Elvin's criminal defense attorney, only. The State noticed its intent to take a default and applied for entry of default based on Elvin's failure to answer the complaint; it served notice of such on Elvin's criminal defense attorney, only. Subsequently, the court entered a default judgment forfeiting the Home to the State. The State attached an eviction notice to the Home's door. Sylvia learned of the default judgment and, after contacting the Sheriff's office to protest the notice to no avail, moved pro se to set aside the judgment, alleging that the State failed to serve her with a summons and complaint seeking forfeiture of her home. Before the State filed an opposition, the court denied the motion, finding that Sylvia: (1) "offered no documentary proof that she own[ed] the property"; (2) was "not a named party in this case"; (3) "has not shown that she is a real party in interest"; and (4) failed to show standing. This appeal followed.

While we review a district court's decision whether to set aside a default judgment for an abuse of discretion, *Kaur v. Singh*, 136 Nev., Adv. Op. 77, 477 P.3d 358, 361 (2020), we review whether a party has standing

SUPREME COURT
OF
NEVADA

(O) 1947A

de novo, *Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011). A district court abuses its discretion when it incorrectly applies the law. *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 80, 319 P.3d 606, 615 (2014). Sylvia argues that, under *Fergason v. Las Vegas Metropolitan Police Department*, 131 Nev. 939, 364 P.3d 592 (2015), a party need only claim to have a right, title, or interest in the property subject to the civil forfeiture proceeding to be an interested claimant for statutory standing purposes. We agree.

In *Fergason*, we addressed whether the claimant had standing to challenge a forfeiture claim where the claimant filed an answer to the forfeiture complaint, alleging that the State "impermissibly seized funds from a bank account registered in his name." 131 Nev. at 953, 364 P.3d at 601. The State argued that the claimant lacked standing because "he failed to describe in his answer the interest he asserts in the seized bank funds." *Id.* at 952, 364 P.3d at 600. In rejecting that argument, we pointed to the language of Nevada's forfeiture statute, which provides that the proper parties in a forfeiture case are "the plaintiff and any claimant." *Id.* at 953, 364 P.3d at 600-01 (quoting NRS 179.1171(7)). In line with NRS 179.1158(1)'s definition of "claimant," we concluded that "only a *claim* to any right, title, or interest of record [in the property] is necessary to establish standing under Nevada's forfeiture law." *Id.* (emphasis in original). Because the claimant alleged that the State impermissibly seized funds from a bank account "registered in his name," we concluded that he was a claimant as contemplated by the forfeiture statutes and thus, he had standing to contest the forfeiture. *Id.* at 953-54, 364 P.3d at 601.

Similarly, here, Sylvia filed a motion to vacate the default judgment, alleging that the State "never attempted to notify me about my

property, 3587 Desatoya Dr. (Parcel #010-443-11) Carson City, Nevada 89701." She averred that she became aware of the forfeiture proceeding when her sister called to tell her about an eviction notice on the "door of [Sylvia's] property." Her motion, signed under penalty of perjury, repeatedly refers to the Home as "my residence" or "my property." Because she filed a sworn document alleging that the Home was "[her] residence" or "[her] property," Sylvia satisfies the requirements for a claimant under *Fergason* and NRS 179.1158(1) (providing that a claimant is "any person who claims to have . . . [a]ny right, title, or interest of record in the property or proceeds subject to forfeiture").

The State's attempts to distinguish *Fergason* are unpersuasive. While the State is correct that Fergason pleaded that he had an interest in the property in his answer to the forfeiture complaint, whereas, here, Sylvia never answered the complaint, the forfeiture statutory scheme does not require that a claimant claim right to the property in an answer to a forfeiture complaint. As we explained in *Fergason*, the claimant's statement that the State seized funds from his bank account was sufficient to confer standing to challenge the forfeiture, and that he did so in an answer to a complaint was immaterial. 131 Nev. at 953-55, 364 P.3d at 601-02. Moreover, here, the State did not serve Sylvia with a copy of the complaint or a summons, such that she had notice and the opportunity to file an answer. Nonetheless, as in *Fergason*, Sylvia claimed ownership of the property in question by way of her sworn motion to set aside the default judgment that was entered without notice to her. Although the State relies on the fact the State identified the claimant's bank account as the source of the funds in *Fergason*, whereas, here, the complaint identified Elvin, not Sylvia, as the owner of the property, the State's identification of the bank

account as Fergason's was not necessary to confer standing, but instead was merely a concession of his standing. Thus, the State's failure to identify Sylvia as a known claimant does not preclude her from asserting a claim to the Home.

Accordingly, the district court erred when it concluded that Sylvia did not have standing because her assertion that the Home was her property was sufficient to confer standing under *Fergason* and NRS 179.1158(1).[1] Thus, the district court abused its discretion when it denied Sylvia's motion to set aside the default judgment without addressing the merits of the motion.[2]

---

[1]At oral argument, the State argued that Sylvia was not a claimant under NRS 179.1169(2) (providing that a transfer of property subject to forfeiture is void against the State unless the transferee meets a narrow exception). Because the State did not raise this argument before the district court or in its appellate brief, we need not consider it. *See State ex rel. Dep't of Highways v. Pinson*, 65 Nev. 510, 530, 199 P.2d 631, 641 (1948) ("The parties, in oral argument, are confined to issues or matters properly before the court, and we can consider nothing else, and, certainly, cannot give heed to any ground not based upon facts appearing in the record on appeal or disclosed in the motion papers."). In any event, there is no evidence in the record regarding who owned the property at the time of the pertinent events, and this argument goes to the merits of Sylvia's claim, not her status as a claimant.

[2]Although the State only addresses the district court's finding that Sylvia lacked standing, we conclude that the court's other findings likewise do not support its decision to deny the motion to set aside. In particular, the district court's conclusion that Sylvia is not a real party in interest because she was not a named party is erroneous because the only "named party" in an *in rem* action is the property. *See* NRS 179.1171(4) ("A proceeding for forfeiture is in rem"); *see also City of Sparks, Police Dep't v. Nason*, 107 Nev. 202, 203-04, 807 P.2d 1389, 1390 (1991) ("Since a forfeiture proceeding is in rem, it makes use of the legal fiction that the vehicle committed the crime. Therefore, the proceeding is against the res on the

Based on the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order. [3]

_____ Cadish_____ , J.
Cadish

_____ Pickering_____ , J.
Pickering

_____ _____ , J.
Herndon

cc:   Hon. James E. Wilson, District Judge
Pisanelli Bice, PLLC
Carson City District Attorney
Carson City Clerk

---

theory that the property is tainted."). Further, the district court's conclusion that Sylvia failed to offer "documentary proof that she owns the property" goes to the merits of the forfeiture claim and not her right to file a motion to set the default judgment aside, which the district court summarily denied without an opposition thereto, much less a hearing. *Cf. Fergason*, 131 Nev. at 953, 364 P.3d at 600 (observing that whether a claimant can actually demonstrate the basis of their claim does not relate to standing but rather to the merits).

[3]We decline to address Sylvia's arguments that Nevada's civil forfeiture statutes are unconstitutional, because they were raised for the first time on appeal. Nothing in this order prevents Sylvia from presenting those claims to the district court on remand.