# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROCHELLE MEZZANO,
Appellant,
vs.
JOHN TOWNLEY,
Respondent.

No. 81379

FILED

OCT 27 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order denying a motion to set aside a default divorce decree. Second Judicial District Court, Family Court Division, Washoe County; Bridget E. Robb, Judge.

In September 2019, respondent John Townley filed a complaint seeking a divorce from appellant Rochelle Mezzano. In October 2019, a process server went to Mezzano's residence to serve her. When the process server arrived, a repairperson working inside the residence came out and spoke to the process server. The repairperson was unsure whether Mezzano was home, so he shouted her name, and she replied. The repairperson called out, a "[y]oung lady [is] here to see you," to which Mezzano replied that "she was not taking visitors and to text her." The repairperson then called out that "[s]he has something she needs to give you." Mezzano replied, "[n]o thank you, I don't want it." Mezzano did not come to the door. The process server then posted the summons and complaint on Mezzano's front door. The process server admitted, "[w]e did not say what it was or who I was." Later that day, Mezzano emailed Townley stating, "I got served papers today. I have [20] days including the weekend to respond. Which

SUPREME COURT
OF
NEVADA

(O) 1947A

21-30943

means I need to retain an attorney. So, I need a retainer. How would you like to proceed?"

Townley and Mezzano agreed to meet in counsel's office on October 22, 2019, to discuss resolving the case; however, Mezzano did not appear. Townley served Mezzano by mail with several documents relating to the case over a six-week period, including a notice of intent to take a default, the resulting default, and an application for a default judgment. Mezzano did not reply to any of these documents. On December 11, 2019, the court held a hearing on Townley's application for default judgment, after which it entered a default divorce decree. The next day, Townley served notice of entry of the divorce decree on Mezzano by mail and email.

On January 4, 2020, Townley's counsel received a letter from an attorney stating that he represented Mezzano and intended to move to set aside the default judgment and asking if Townley would stipulate thereto. On March 4, 2020, Townley personally served Mezzano with copies of several motions seeking to enforce the default divorce decree. Mezzano's counsel filed a notice of appearance on March 13, and filed a motion to set aside the default judgment on March 23, arguing that the default judgment was void because Townley did not properly serve Mezzano. Townley opposed, arguing that Mezzano did not file her motion to set aside the default judgment within a reasonable time and that she acknowledged service in her email to Townley.

The district court denied the motion, finding that posting the documents on the door was effective service under the circumstances. The court further found that Mezzano admitted to service by emailing Townley that she "got served papers today." The district court alternatively found that Mezzano failed to file the motion within a reasonable time, as she

waited two months after contacting Townley's counsel to take any action even though all the facts she relied on in her motion were within her knowledge.

We review a district court's decision whether to set aside a judgment under NRCP 60 for an abuse of discretion. *Kaur v. Singh*, 136 Nev., Adv. Op. 77, 477 P.3d 358, 361 (2020). A district court abuses its discretion when it incorrectly applies the law. *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 80, 319 P.3d 606, 615 (2014).

*Mezzano filed her motion to set aside the default judgment within a reasonable time*

Mezzano filed her motion to set aside the default judgment only three months after the district court entered the default judgment, and two months after she retained counsel and became aware that the service of process may have been faulty. On these facts, the motion was timely. *See* NRCP 60(c) (requiring that a motion to set aside be filed within six months of the judgment's entry if it alleges fraud, mistake, or new evidence, or within a reasonable time if it alleges that the judgment is void); *Kaur*, 136 Nev., Adv. Op. 77, 477 P.3d at 360-62 (affirming a district court order setting aside a 14-year-old divorce decree because the movant filed the motion to set aside the decree two months after discovering the basis for the motion, which the district court properly determined met NRCP 60(c)'s "within a reasonable time" requirement).

*Townley did not properly serve Mezzano*

Townley argues that service was proper because: (1) Mezzano was aware that Townley was proceeding with a divorce; (2) she was home when the process server arrived; (3) she was told that the person at her door needed to give her something; (4) she refused to come to the door; (5) the process server left the documents on her door; and (6) Mezzano took

possession of the documents and confirmed receipt of them to Townley. We disagree.

Under these circumstances, service by posting the documents on the door of Mezzano's residence did not meet the requirements of NRCP 4.2(a). The process server did not speak with Mezzano or personally serve the documents on Mezzano. While the process server posted the summons and complaint on Mezzano's door, the process server admitted that she did not announce her purpose or the nature of the documents to Mezzano. Accordingly, Townley failed to serve Mezzano properly. *See* NRCP 4.2(a)(1)-(3) (providing that service on an individual defendant is proper if the plaintiff personally serves the defendant, leaves the service at the defendant's dwelling with a person of suitable age and discretion residing at the abode, or delivers service to an authorized agent). To the extent that Townley alleges that Mezzano's refusal to come to the door demonstrates that she was evading service, posting the documents on the door was still ineffective here. *See Norris v. Causey*, 869 F.3d 360, 369-70 (5th Cir. 2017)[1] (holding that a plaintiff properly serves a defendant who is evading service if "the process server announces the nature of the documents and leaves them in close proximity to the defiant defendant"); *cf. Weiss v. Glemp*, 792 F. Supp. 215, 223-25 (S.D.N.Y. 1992) (holding that service was improper where the defendant was not trying to evade service because the manner of service was not reasonably calculated to give notice, and (1) the defendant

---

[1]"Federal cases interpreting the Federal Rules of Civil Procedure are strong persuasive authority, because the [NRCP] are based in large part upon their federal counterparts." *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 118 Nev. 46, 53, 38 P.3d 872, 876 (2002) (internal quotations and citation omitted).

did not know that someone was attempting to give him official court papers, (2) the papers were not given to him, and (3) the papers did not touch him).

Moreover, Mezzano's acknowledgment that she found the summons and complaint is insufficient because "actual notice of a suit is not an effective substitute for service of process." *Abreu v. Gilmer*, 115 Nev. 308, 314 n.5, 985 P.2d 746, 749 n.5 (1999). Thus, the district court abused its discretion by denying Mezzano's motion because the judgment was void for lack of service. *See Browning v. Dixon*, 114 Nev. 213, 218, 954 P.2d 741, 744 (1998) (concluding that when a party obtains a default judgment through improper service of process, the judgment is void and must be set aside).

Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:    Hon. Bridget E. Robb, District Judge, Family Court Division
       Margaret M. Crowley, Settlement Judge
       Law Offices of F. Peter James, Esq.
       Silverman, Kattelman, Springgate, Chtd.
       Washoe District Court Clerk