OPINION ON REHEARING
 

 Per Curiam:
 

 We previously issued an opinion in this matter on January 15, 2004. After respondent petitioned for rehearing, we withdrew that opinion while we considered the petition for rehearing. We now grant the petition for rehearing
 
 [1]
 
 and issue this opinion in place of our prior opinion. On rehearing, we reach the same conclusion as in our prior opinion but for different reasons.
 

 The principal issue in this appeal is whether the district court in which a criminal proceeding was heard has jurisdiction to hear a motion for return of property relating to that criminal proceeding
 
 *673
 
 under NRS 179.085 after there has been a default judgment in a civil forfeiture proceeding. We conclude that it does.
 

 FACTS
 

 On February 10, 2000, appellant James Maiola was arrested and taken into custody by the Las Vegas Metropolitan Police Department (LVMPD) after detectives conducted a search of Maiola’s residence at 6462 Placer pursuant to a search warrant. The State filed a criminal complaint against Maiola for manufacturing or compounding a controlled substance, trafficking in a controlled substance, and possession of a firearm as an ex-felon. At the time of Maiola’s initial arraignment, the district court appointed a public defender to represent Maiola and set the preliminary hearing date for September 13, 2000.
 

 On August 4, 2000, before Maiola’s preliminary hearing, the district attorney filed a civil complaint on LVMPD’s behalf, seeking forfeiture of two of Maiola’s assets. The complaint stated that during a search of Maiola’s person, the detectives located $543 in Maiola’s pocket. The detectives also found a firearm described as a .22 caliber AR-7 Explorer rifle in Maiola’s bedroom. Maiola admitted that he had purchased the firearm. The complaint alleged that the $543 was subject to forfeiture under NRS 453.301(9)
 
 [2]
 
 and the firearm was subject to forfeiture under NRS 453.301(E)).
 
 [3]
 
 The complaint also alleged that the firearm was subject to forfeiture under NRS 202.340 as a dangerous weapon that was in the possession of a person charged with the commission of a public offense.
 

 On August 11, 2000, having failed to personally serve process on Maiola, the district attorney filed an affidavit of publication for forfeiture action. The affidavit of publication included an affidavit of due diligence by William Friedlander, an investigator for the Clark County District Attorney’s Office.
 

 Friedlander verified that after learning that Maiola was no longer in custody, he attempted to locate Maiola in order to serve him with a summons and complaint for forfeiture. Maiola, how
 
 *674
 
 ever, was no longer living at 6462 Placer, and the Department of Motor Vehicles listed 3800 El Conlon as Maiola’s address. Friedlander visited that address, but no one answered when he knocked on the door. Friedlander left two notices at that residence, one on the windshield of a newly registered car parked in the driveway, and mailed two notices to that address.
 

 Based on Friedlander’s affidavit, the district court filed an order for publication on August 11, 2000. From August 17 to September 14, 2000, notice of forfeiture proceedings was published in the Nevada Legal News pursuant to the district court’s order for publication. On September 13, 2000, while the notice of the forfeiture proceeding was being published in the Nevada Legal News, Maiola, his counsel and a deputy district attorney were present in court at the preliminary hearing on the criminal charges.
 

 On October 6, 2000, the district court clerk entered a default against Maiola in the forfeiture proceeding. On October 13, 2000, the district attorney’s office filed a motion for judgment by default, and on October 17, 2000, a judgment by default against Maiola’s assets of $543 and the AR-7 Explorer .22 caliber rifle was entered.
 

 In the criminal proceedings, Maiola filed a motion to suppress all evidence recovered as a result of an unlawful search. The district court filed an order granting that motion on November 1, 2001. On February 2, 2002, the State stipulated to dismiss the criminal case against Maiola. The district court ordered that the money be returned to Maiola if a forfeiture action had not been commenced.
 

 On February 12, 2002, Maiola filed a motion for return of property, specifically the $543, in the court that heard the motion to suppress, pursuant to the provisions of NRS 179.085. The district court heard the motion and concluded that because the forfeiture action had already been completed, it had no basis to consider Maiola’s motion for return of property. The district court entered an order denying Maiola’s motion for return of property on March 5, 2002. Maiola filed a timely notice of appeal.
 

 DISCUSSION
 

 Maiola alleges that his due process rights have been violated because the State did not exercise due diligence in notifying him of the forfeiture proceeding. We agree.
 

 The United States Constitution provides that “[n]o State shall . . . deprive any person of . . . property, without due process of law.”
 
 [4]
 
 The Nevada Constitution also provides that “[n]o person shall
 
 *675
 
 be deprived of . . . property, without due process of law.”
 
 [5]
 
 The Due Process Clause requires notice and an opportunity to be heard before the government deprives a person of his or her property.
 
 [6]
 

 In
 
 Price v. Dunn,
 
 this court noted that the Due Process Clause requires a party to exercise due diligence in notifying a defendant of a pending action.
 
 [7]
 
 “Where other reasonable methods exist for locating the whereabouts of a defendant, plaintiff should exercise those methods.”
 
 [8]
 
 In this case, it appears that the same district attorney’s office that was prosecuting Maiola in one court was alleging in another court that it could not find him for service of process. Meanwhile, even though Maiola was not in jail, he was still technically in the State’s custody, as he was out on bail.
 
 [9]
 
 He had a time and date at which he was to appear in court, and he did appear at that time and date, as did a deputy district attorney. One section of the district attorney’s office cannot ignore information available in another section and claim not to be able to locate a defendant.
 

 Furthermore, in
 
 Jacobs v. Sheriff,
 
 this court stated in a case involving a default judgment in an in rem forfeiture proceeding:
 

 We note that SCR 175 provides that “[wjhen a lawyer knows the identity of a lawyer representing an opposing party, he or she should not . . . [cause] any default or dismissal to be entered without first inquiring about the opposing lawyer’s intention to proceed.” If the state was proceeding with a criminal prosecution against appellant contemporaneously with a quasi-criminal forfeiture proceeding that arose from the same alleged criminal behavior, the state’s attorney arguably had a professional obligation to inquire of appellant’s attorney in the criminal proceeding to determine whether appellant’s attorney also intended to represent appellant in the forfeiture proceeding.
 
 [10]
 

 We conclude that the State did not exercise due diligence in attempting to locate Maiola, and therefore, publishing notice of the forfeiture proceeding was constitutionally inadequate. A default forfeiture judgment that is not supported by proper service is void.
 
 [11]
 

 
 *676
 
 The State argues that the criminal court, which dismissed the case against Maiola after granting his motion to suppress the evidence and determining that the property had been illegally seized, has no jurisdiction to rule on any issues relating to the civil forfeiture of property seized in the same illegal seizure. The State argues that the only proper procedure for Maiola to follow is to file a motion to set aside the default judgment under NRCP 60(b) in the forfeiture action. NRCP 60(b) does provide for that remedy, as well as for the remedy of filing an independent action to relieve a party from a judgment.
 
 [12]
 
 Those remedies are certainly theoretically available. However, in this case, as in many forfeiture actions, NRCP 60(b) does not offer a remedy that is, as a practical matter, economically feasible. The cost of hiring an attorney to file the motion or an independent action under NRCP 60(b) is often more than the value of the property to be recovered. Allowing the court that determined that the property was illegally seized to decide whether the property should be returned to the defendant provides the defendant with an equitable and economically feasible remedy.
 

 Ordinarily, one district court lacks jurisdiction to review the acts of other district courts.
 
 [13]
 
 However, in the unique situation of forfeitures, when the same district attorney’s office is proceeding on both the criminal case and the forfeiture proceeding, the court can exercise its jurisdiction by exercising its inherent authority over those who are the officers of the court. The federal courts have called this anomalous jurisdiction.
 
 [14]
 

 In
 
 Hunsucker v. Phinney,
 
 the United States Court of Appeals for the Fifth Circuit explained it as follows:
 

 The classic statement of the theory is that contained in Judge Hough’s opinion in United States v. Maresca, 266 F. 713, 717 (S.D.N.Y. 1920):
 

 Whenever an officer of the court has in his possession or under his control books or papers, or (by parity of reasoning) any other articles in which the court has official interest, and of which any person (whether party to a pending litigation or not) has been unlawfully deprived,
 
 *677
 
 that person may petition the court for restitution. This I take to be an elementary principle, depending upon the inherent disciplinary power of any court of record.
 

 Attorneys are officers of the court, and the United States attorney does not by taking office escape from this species of professional discipline. Thus power to entertain this motion depends on the fact that the party proceeded against is an attorney, not that he is an official known as the United States attorney. It is further true that the right to move does not at all depend on the existence of this indictment; it might be made, were no prosecution pending.
 
 [15]
 

 The federal courts have said of anomalous jurisdiction, “[t]hough firmly established, this jurisdiction is an exceptional one.”
 
 [16]
 
 It has been used for returning property to owners after administrative forfeitures by the government. Although the forfeiture in Maiola’s case is a judicial forfeiture instead of an administrative forfeiture, the same equitable principle applies to warrant equitable jurisdiction. The district courts also have the inherent authority over those who are its officers, including the deputy district attorneys. The same district attorney’s office that attempted to prosecute Maiola on the basis of illegally seized evidence and prosecuted an action to forfeit the illegally seized property has the power and duty to see that the illegally seized property is returned to its owner. The criminal court, which determined that the property was illegally seized, has the equitable jurisdiction to return the property to the owner through its authority over the district attorneys. Requiring the owner of illegally seized property to file motions or independent actions is often not an adequate remedy, and the Legislature has made it clear in NRS 179.085 that property illegally seized should be returned to its owner.
 

 NRS 179.085 provides, in pertinent part:
 

 1. A person aggrieved by an unlawful search and seizure may move the court having jurisdiction where the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that:
 

 (a) The property was illegally seized without warrant;
 

 (b) The warrant is insufficient on its face;
 

 (c) There was not probable cause for believing the existence of the grounds on which the warrant was issued; or
 

 (d) The warrant was illegally executed.
 

 The judge shall receive evidence on any issue of fact necessary to the decision of the motion.
 

 
 *678
 
 2. If the motion is granted the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible evidence at any hearing or trial.
 

 NRS 179.085(1) strongly suggests that the Legislature also intended to provide an expeditious method for return of this property by motion. NRS 179.085(1) implies that the same court that has the jurisdiction to suppress the evidence also has jurisdiction to return the property, since it equates the court that suppresses evidence with the court that returns property.
 

 The State also argues that civil procedures in rem are entirely independent of criminal prosecution and are not constitutionally barred even if no person is ever charged with a crime. That may be so, but neither can the State benefit by taking property through illegal seizure.
 
 [17]
 
 Furthermore, this court has stated: “Evidence illegally obtained in contravention of the Fourth and Fourteenth Amendments of the United States Constitution is excluded in forfeiture proceedings as well as in criminal prosecutions.”
 
 [18]
 

 CONCLUSION
 

 The district court that determines that property is illegally seized has equitable jurisdiction to determine whether the forfeited property should be returned to its owner. We therefore reverse the district court’s order and remand this matter to the district court for further proceedings consistent with this opinion.
 

 [1]
 

 See
 
 NRAP 40.
 

 [2]
 

 NRS 453.301(9) provides that “Everything of value furnished or intended to be furnished in exchange for a controlled substance” is property subject to forfeiture. NRS 453.301(9) also provides:
 

 If an amount of cash which exceeds $300 is found in the possession of a person who is arrested for a violation of NRS 453.337 or 453.338, then there is a rebuttable presumption that the cash is traceable to an exchange for a controlled substance and is subject to forfeiture pursuant to this subsection.
 

 [3]
 

 NRS 453.301(10) provides that “[a] 11 firearms . . . in . . . possession of a person who possesses or is consuming, manufacturing, transporting, selling or under the influence of any controlled substance in violation of the provisions of NRS 453.011 to 453.552” are subject to forfeiture.
 

 [4]
 

 U.S. Const, amend. XIV, § 1.
 

 [5]
 

 Nev. Const, art. 1, § 8(5).
 

 [6]
 

 Levingston
 
 v.
 
 Washoe Co.,
 
 112 Nev. 479, 484, 916 P.2d 163, 166 (1996),
 
 modified on rehearing,
 
 114 Nev. 306, 956 P.2d 84 (1998).
 

 [7]
 

 106 Nev. 100, 103, 787 P.2d 785, 787 (1990).
 

 [8]
 

 Id.
 

 [9]
 

 Woolsey v. State,
 
 111 Nev. 1440, 1443, 906 P.2d 723, 726 (1995) (quoting with approval district court’s statements that “an accused person held for prosecution is in lawful custody” and that “[a]dmission to bail does not end that custody, but only changes its conditions”).
 

 [10]
 

 108 Nev. 726, 727, 837 P.2d 436, 437 (1992).
 

 [11]
 

 Browning v. Dixon,
 
 114 Nev. 213, 218, 954 P.2d 741, 744 (1998).
 

 [12]
 

 NRCP 60(b) provides in relevant part: “On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) the judgment is void .... This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding . . . .”
 

 [13]
 

 Rohlfing
 
 v.
 
 District Court,
 
 106 Nev. 902, 906, 803 P.2d 659, 662 (1990).
 

 [14]
 

 Hunsucker v. Phinney,
 
 497 F.2d 29, 32 (5th Cir. 1974).
 

 [15]
 

 Id.
 
 at 32 n. 3.
 

 [16]
 

 Id.
 
 at 32.
 

 [17]
 

 NRS 179.085;
 
 Plymouth Sedan
 
 v.
 
 Pennsylvania,
 
 380 U.S. 693 (1965).
 

 [18]
 

 One 1970 Chevrolet v. County of Nye,
 
 90 Nev. 31, 33, 518 P.2d 38, 39 (1974).