# IN THE SUPREME COURT OF THE STATE OF NEVADA

KEISHAWN LASHAWNTAE
CRANFORD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75494

FILED

MAR 15 2019

ELIZ... ... BROWN
CLER... OF ... ME COURT
BY
DEP... CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Keishawn Lashawntae Cranford's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge. Cranford argues that he received ineffective assistance of trial and appellate counsel. We disagree and affirm.[1]

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's

---

[1]We note that Cranford has failed to provide necessary portions of the record in his appendix, and that our review relies on the materials provided by the State. *See* NRAP 30(b)(3); *Thomas v. State*, 120 Nev. 37, 43, 83 P.3d 818, 822 (2004) (noting that it was improper for counsel to fail to "provide this court with an adequate record," and nevertheless resolving the appeal on its merits where the State provided the necessary parts of the record in its appendix); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant.").

SUPREME COURT
OF
NEVADA

(O) 1947A

*19-11588*

errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690. We give deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Cranford first argues that trial counsel should have argued for a more lenient sentence. The district court's finding that trial counsel made a reasonable strategic decision in declining to argue that the sentencing court should deviate from the term stipulated to by the parties in Cranford's guilty plea agreement is supported by substantial evidence. Strategic decisions rest with counsel, *Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 167 (2002), and counsel's tactical decisions are virtually unchallengeable, absent a showing of extraordinary circumstances, which Cranford has not made, *see Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004). The district court therefore did not err in denying this claim.

Cranford next argues that appellate counsel should have argued that the trial court abused its discretion by failing to make findings

pursuant to NRS 193.165(1) during the sentencing hearing. Cranford has not shown that he was prejudiced where the trial court sentenced him to the stipulated term and thus "nothing in the record indicates that the [trial] court's failure to make certain findings on the record had any bearing on the [trial] court's sentencing decision," such that any omission was harmless. *Mendoza-Lobos v. State*, 125 Nev. 634, 644, 218 P.3d 501, 508 (2009). Accordingly, Cranford has not shown that appellate counsel provided ineffective assistance in this regard, and the district court therefore did not err in denying this claim.

Cranford next argues that appellate counsel should have challenged the trial court's denial of his motion for the return of money seized from his person when he was arrested. Appellate counsel testified that he declined to raise the issue, which involved a small amount of money, because that would convey that the appeal had little claims of value. Substantial evidence supports the district court's finding that this was a reasonable strategic decision, and Cranford has not shown extraordinary circumstances warranting a challenge to it. Cranford's reliance on *Maiola v. State* is misplaced, as that case involved efforts to recover property that had been illegally seized, and Cranford has not shown that the relevant evidence was illegally seized. 120 Nev. 671, 678, 99 P.3d 227, 231 (2004); *see also* NRS 179.085. Insofar as Cranford suggests that trial counsel should have litigated this motion more effectively, he does not identify any authority that counsel should have cited or argument counsel should have made that would have led to a reasonable probability of a different outcome and thus has not shown that counsel was ineffective in this regard. The district court therefore did not err in denying these claims.

Cranford next argues that appellate counsel should have asserted trial counsel provided ineffective assistance by failing to argue for a more lenient sentence, to demand that the trial court enter NRS 193.165(1) findings at sentencing, or to successfully litigate the motion to recover the seized property. There had not yet been an evidentiary hearing concerning trial counsel's effectiveness,[2] and it would have been premature for appellate counsel to raise such a challenge. *Feazell v. State*, 111 Nev. 1446, 1449, 906 P.2d 727, 729 (1995). Accordingly, appellate counsel was not ineffective in this omission. The district court therefore did not err in denying this claim.

Lastly, Cranford argues that appellate counsel provided ineffective assistance by only asserting one claim. Substantial evidence supports the district court's finding that counsel made a strategic decision in identifying the strongest available issue, particularly in light of the scope of the guilty plea agreement's appeal waiver, and Cranford has not shown extraordinary circumstances warranting a challenge to counsel's decision. *Cf. Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) (stressing the importance that appellate counsel winnow out weaker arguments to focus on one central issue or a few key issues). Insofar as Cranford argues that the appellate brief was not long enough, he does not identify any meritorious claims that were unreasonably omitted and has shown neither deficient

---

[2]The hearing on the motion to withdraw Cranford's guilty plea addressed the effectiveness of the attorney who represented Cranford before trial counsel's appointment.

Supreme Court
of
Nevada

(O) 1947A

performance nor prejudice in this regard. The district court therefore did not err in denying this claim.

Having considered Cranford's contentions and concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Stiglich                        Silver


cc:  Chief Judge, The Eighth Judicial District Court
     Eighth Judicial District Court, Department 6
     Matthew D. Carling
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk