# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ALI SHAHROKHI,<br>Appellant,<br>vs.<br>KIZZY J. S. BURROW A/K/A KIZZY BURROW,<br>Respondent. | No. 81978 **FILED**<br><br>MAY 12 2022<br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |
| ALI SHAHROKHI,<br>Appellant,<br>vs.<br>KIZZY BURROW,<br>Respondent. | No. 82245 |
| ALI SHAHROKHI,<br>Appellant,<br>vs.<br>KIZZY BURROW,<br>Respondent. | ✓ No. 83726 |

## ORDER OF AFFIRMANCE (DOCKET NOS. 81978, 82245, AND 83726) AND DISMISSING APPEAL IN PART (DOCKET NO. 83726)

These appeals challenge several orders in a custody dispute. Eighth Judicial District Court, Clark County; Linda Marie Bell, Chief Judge, Mathew Harter, Judge, and Dawn Throne, Judge.[1]

Appellant Ali Shahrokhi and respondent Kizzy Burrow never married and have one minor child together. Sometime after their relationship ended, Kizzy obtained a temporary restraining order against Ali and the parties filed competing complaints for child custody. After an evidentiary hearing, the district court awarded Kizzy sole legal and physical

---

[1]We have determined that Docket No. 83726, which is subject to the child custody fast track rule, should be submitted for decision on the fast track briefs and the appellate record, without any further briefing or oral argument. *See* NRAP 3E(g)(1).

22-15098

custody of the minor child, permitted her to relocate with the minor child to Oregon, and awarded her attorney fees and costs. Ali now challenges these orders, and several others, on various grounds.

As a preliminary matter, Ali makes several constitutional arguments, all of which lack merit upon de novo review. *See Jackson v. State*, 128 Nev. 598, 603, 291 P.3d 1274, 1277 (2012) (holding that this court applies de novo review to constitutional issues). First, Ali's constitutional challenge to NRS 125C.0035 fails because he and Kizzy have equal fundamental rights to care for their child, leaving the best interest of the child as the sole consideration to decide custody. *See Rico v. Rodriguez*, 121 Nev. 695, 704, 120 P.3d 812, 818 (2005) (holding that "[i]n a custody dispute between two fit parents, the fundamental constitutional right to the care and custody of the children is equal"; therefore, "the dispute in such cases can be resolved best, if not solely, by applying the best interests of the child standard").

Ali also argues that the district court deprived him of his constitutional procedural due process rights by failing to provide him with adequate notice and an opportunity to be heard regarding certain motions. "Due process is satisfied by giving [the] parties 'a meaningful opportunity to present their case.'" *J.D. Constr., Inc. v. IBEX Int'l Grp.*, 126 Nev. 366, 376, 240 P.3d 1033, 1040 (2010) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 349 (1976)); *see also Callie v. Bowling*, 123 Nev. 181, 183, 160 P.3d 878, 879 (2007) ("[P]rocedural due process 'requires notice and an opportunity to be heard.'" (quoting *Maiola v. State*, 120 Nev. 671, 675, 99 P.3d 227, 229 (2004))). The record shows that Ali was served with the motions, which included information regarding any related hearings, and he either submitted a written opposition, appeared at the scheduled hearing, or failed

to request a hearing pursuant to local rule. Therefore, Ali's due process claims fail because in all alleged instances, Ali was provided both "notice and an opportunity to be heard" with respect to the issues before the court.[2] *Callie*, 123 Nev. at 183, 160 P.3d at 879. We now turn to Ali's challenges to specific court orders.

*Docket No. 81978*

In Docket No. 81978, Ali challenges the denial of his request to disqualify the presiding judge, two district court orders finding he committed domestic violence, and the order granting Kizzy sole legal and physical custody and permitting her to relocate to Oregon.

*Motion to disqualify*

Ali challenges Chief Judge Linda Bell's denial of his motion to disqualify Judge Mathew Harter, arguing that Judge Harter displayed bias which would "cause a reasonable person to question the judge's impartiality." *Towbin Dodge, LLC v. Eighth Judicial Dist. Court*, 121 Nev. 251, 260, 112 P.3d 1063, 1069 (2005); *see also* NCJC Rule 2.11(A) ("A judge

---

[2]We note there is no right to a jury trial in family court proceedings. *See In re Parental Rights as to M.F.*, 132 Nev. 209, 215, 371 P.3d 995, 999-1000 (2016) (holding that there is no right to a jury trial for termination of parental right proceedings and explaining the policy rationale for why having juries decide family division cases is improper); *Barelli v. Barelli*, 113 Nev. 873, 879, 944 P.2d 246, 249 (1997) (affirming the district court's conclusion that there is no right to a jury trial in divorce proceedings because there is no such right in domestic proceedings).

We have considered Ali's remaining constitutional arguments and determine that they do not warrant reversal. *See Miller v. Burk*, 124 Nev. 579, 588-89, 188 P.3d 1112, 1118-19 (2008) (explaining that this court "will not decide constitutional questions unless necessary" to resolve the issues on appeal). And the record belies Ali's arguments that the district court ignored his pretrial objections or that it improperly deemed him a vexatious litigant.

shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned."). Most of Ali's arguments fail because they are based on rulings and official actions in the child custody proceedings,[3] *see Matter of Dunleavy*, 104 Nev. 784, 789, 769 P.2d 1271, 1275 (1988) ("[R]ulings and actions of a judge during the course of official judicial proceedings do not establish legally cognizable grounds for disqualification."), none of which displayed "a deep-seated favoritism or antagonism that would make fair judgment impossible," *Kirksey v. State*, 112 Nev. 980, 1007, 923 P.2d 1102, 1119 (1996) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Nor do we agree that Ali's pending civil rights action against the judge in federal court required disqualification.[4] *See City of Las Vegas Downtown Redevelopment Agency v. Hecht*, 113 Nev. 644, 649, 940 P.2d 134, 138 (1997) (holding that a party "should not be permitted to create a situation involving a judge and then claim that the judge" should be removed due to the events the party created). Because Ali

---

[3]We further note that the record does not support many of Ali's allegations, including allegations of *ex parte* communications between Judge Harter, Kizzy, and her counsel, allegations that the district court marshals threatened him with violence, or allegations that Judge Harter gave legal advice to the parties or counsel throughout the proceedings.

[4]Ali's campaign-contribution disqualification arguments lack merit because he does not allege that Kizzy's counsel's contributions to Judge Harter exceeded statutory limits and this court has held that "a contribution to a presiding judge by a party or an attorney does not ordinarily constitute grounds for disqualification." *City of Las Vegas Downtown Redevelopment Agency v. Eighth Judicial Dist. Court*, 116 Nev. 640, 644, 5 P.3d 1059, 1062 (2000); *see also Ivey v. Eighth Judicial Dist. Court*, 129 Nev. 154, 162, 299 P.3d 354, 359 (2013) ("Campaign contributions made within statutory limits cannot constitute grounds for disqualification of a judge under Nevada law.")

failed to show that Judge Harter exhibited extreme bias that would "permit manipulation of the court and significantly impede the judicial process," which is required to overcome the presumption that a judge is personally unbiased, *Millen v. Eighth Judicial Dist. Court*, 122 Nev. 1245, 1254-55, 148 P.3d 694, 701 (2006) (quoting *Hecht*, 113 Nev. at 635-36, 940 P.2d at 128-29), we conclude that the chief judge did not abuse her discretion in refusing to disqualify Judge Harter, *see Ivey*, 129 Nev. at 162, 299 P.3d at 359 (reviewing the denial of a motion to disqualify for an abuse of discretion).

*Domestic violence findings*

Ali next challenges the district court's domestic violence findings on various grounds. We reject any argument the proceedings were criminal or in excess of the court's jurisdiction. While the district court's order refers to criminal law to define relevant terms, *see, e.g.*, NRS 33.018 (defining acts which constitute domestic violence), it makes clear that the court's domestic violence findings were pursuant to NRS 125C.0035(5) to determine if that statute's best-interest presumption applied in this case.[5]

---

[5]Because the district court's domestic violence findings were made pursuant to NRS 125C.0035(5) and not NRS Chapter 33, we decline to consider Ali's arguments that the district court proceedings deprived him of the additional constitutional protections afforded to criminal defendants. We also decline to consider any argument that Kizzy's complaint did not put Ali on notice of domestic violence allegations because the argument is not cogent and Ali fails to support it with citation to relevant authority. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that this court need not consider claims unsupported by cogent argument or relevant authority). We further note that the district court is required by statute to consider whether a parent seeking custody of a minor child has committed acts of domestic violence, *see* NRS 125C.0035(4)(k) (providing that whether a parent seeking physical

*See* NRS 125C.0035(5) (creating a rebuttable presumption that physical custody is not in the child's best interest where the district court has found that a parent committed "acts of domestic violence against the child, a parent of the child or any other person residing with the child"); NRS 3.223(1)(a) (providing that family courts have exclusive jurisdiction in any proceeding brought pursuant to NRS Chapter 125C); *Landreth v. Malik*, 127 Nev. 175, 186-88, 251 P.3d 163, 170-71 (2011) (concluding that family court judges "ha[ve] the same constitutional power and authority as any [other] district court judge" such that they have jurisdiction to resolve issues beyond those listed in NRS 3.223). And the record supports the district court's application of NRS 125C.0035(5)'s best-interest rebuttable presumption, as it provides substantial evidence that Ali engaged in multiple acts of domestic violence against Kizzy, including threats to hit her and burn her clothing, harassing her, and intimating that he knows where she lives.[6] Considering this evidence, which the district court deemed credible, combined with Ali's failure to meaningfully rebut the statutory presumption,[7] we conclude that the district court did not abuse its

---

custody of a minor child has committed acts of domestic violence is a relevant factor in determining the best interest of the child), and neither domestic violence nor child custody are among those areas of the law upon which the Nevada Rules of Civil Procedure imposes heightened pleading standards, *see generally* NRCP 9.

[6]This includes evidence from Kizzy's prior TPO action, testimony from Kizzy, an interview with the minor child, and numerous text message and Our Family Wizard messages between the parties.

[7]The record reveals that Ali presented no evidence during the domestic violence phase of the district court's evidentiary hearing. We are not persuaded by Ali's arguments that he was not afforded adequate notice or an opportunity to respond to Kizzy's domestic violence allegations, as he

discretion by applying NRS 125C.0035's presumption to find that giving Ali physical custody would not be in the child's best interest. *See Castle v. Simmons*, 120 Nev. 98, 102-03, 86 P.3d 1042, 1045-46 (2004) (explaining that the district court analyzes NRS 125C.0035(5)'s rebuttable presumption based on a totality of the evidence and further holding that "we will not reweigh the credibility of witnesses on appeal").

*Custody and relocation*

We next reject Ali's argument that the district court erred when it applied the factors set forth in *Druckman v. Ruscitti*, 130 Nev. 468, 473, 327 P.3d 511, 515 (2014), in granting Kizzy's relocation request. *See Stacco v. Valley Hosp.*, 123 Nev. 526, 530, 170 P.3d 503, 505-06 (2007) (recognizing that this court reviews whether a district court applied the correct legal standard de novo). We disagree that the district court's stipulated order granting Kizzy temporary sole physical custody constituted an order awarding physical custody such that the district court had to apply the NRS 125C.007 relocation factors instead.[8] *See Druckman*, 130 Nev. at 473, 327 P.3d at 514 (explaining that, in the absence of a court order *awarding* a

_____

was present at numerous court hearings during which the court, parties, and counsel discussed the need for an evidentiary hearing specifically regarding those allegations and because Ali elected to conduct that hearing on the first day set for trial on Kizzy's custody and relocation requests. *Cf. Pearson v. Pearson*, 110 Nev. 293, 297, 871 P.2d 343, 345 (1994) ("[A] party will not be heard to complain on appeal of errors which he himself induced . . . ." (quoting 5 Am. Jur. 2d *Appeal and Error* § 713 (1962))).

[8]NRS 125C.007(1) explains that the factors set forth in that statute apply to all petitions to relocate brought pursuant to NRS 125C.006 or 125C.0065; those latter statutes apply to petitions for relocation only where there is a prior court order establishing either primary or joint physical custody.

parent physical custody, the predecessor statute to NRS 125C.006 does not apply).

Our review of the record also supports the district court's findings regarding the *Druckman* factors. The record shows that Kizzy demonstrated good-faith reasons for the move to Oregon, including her relationship with her fiancé and her desire to escape Ali's obsessive behavior. *See id.* at 473, 327 P.3d at 515 (requiring a parent to demonstrate a good faith basis for relocation before the district court may consider the motion); *see also Jones v. Jones*, 110 Nev. 1253, 1260-61, 885 P.2d 563, 568-69 (1994) (explaining that the best interest of the child must be considered in conjunction with the well-being of the custodial parent and recognizing that "[t]he custodial parent's right to pursue another relationship is integrally connected to the health and well-being of the custodial parent"). And the record also supports the district court's detailed findings regarding the *Schwartz*[9] factors, *see Druckman*, 130 Nev. at 473, 327 P.3d at 515, and the factors set forth in NRS 125C.0035. Because the district court's findings regarding the parties' inability to cooperate to meet the child's needs; "which parent is more likely to allow the child to have . . . a continuing relationship with the noncustodial parent"; the child's "physical, developmental and emotional needs"; and Ali's acts of domestic violence against Kizzy are supported by substantial evidence, we conclude that the district court's decision to award Kizzy sole physical custody was not an abuse of discretion.[10] *See* NRS 125C.0035; *see Wallace v. Wallace*, 112 Nev.

---

[9]*Schwartz v. Schwartz*, 107 Nev. 378, 382-83, 812 P.2d 1268, 1271 (1991).

[10]We decline to address Ali's remaining arguments in this regard because they are either irrelevant or unsupported by the record. And we

1015, 1019, 922 P.2d 541, 543 (1996) (reviewing a child custody order for an abuse of discretion); *see also Ellis v. Carucci*, 123 Nev. 145, 149, 161 P.3d 239, 242 (2007) (explaining that this court "will not set aside the district court's factual findings [in child custody determinations] if they are supported by substantial evidence").

We reject Ali's contention that the district court violated SCR 251, which generally requires child custody issues be resolved within six months of a responsive pleading. Indeed, the rule allows extensions of time for "[e]xtraordinary cases that present unforeseeable circumstances" so long as the district court enters "specific findings of fact regarding the circumstances that justify the extension of time." SCR 251. Here, the record supports the district court's finding that Ali was the primary cause of the delay in resolving the parties' competing custody requests: Ali delayed proceedings on multiple occasions, including by filing numerous writ petitions, several requests to continue trial, multiple failed motions to disqualify the presiding judge, as well as additional delays due to Ali's wavering agreement to participate in child custody and psychological evaluations.[11] Thus, the invited error doctrine bars Ali's argument

---

need not address Ali's arguments regarding termination of parental rights, given that the district court's order does not terminate Ali's parental rights.

[11]Indeed, in the span of several months, Ali refused to participate in any counseling, then agreed to participate in counseling (and sought a trial continuance to do so) but failed to pay the retainer fee necessary to begin counseling, then later renewed his opposition to counseling. Given Ali's representations that he would participate in a psychological evaluation, we decline to consider his appellate arguments regarding the district court's authority to order him to do so. *See Pearson*, 110 Nev. at 297, 871 P.2d at 345 (explaining that "a party will not be heard to complain on appeal of error which he himself induced or provoked the court . . . to commit").

regarding the delay and we conclude the district court complied with SCR 251. *See Pearson*, 110 Nev. at 297, 871 P.2d at 345 ("The doctrine of 'invited error' embodies the principle that a party will not be heard to complain on appeal of errors which he himself induced or provoked the court or the opposite party to commit." (quoting 5 Am. Jur. 2d *Appeal and Error* § 713 (1962))).

*Docket No. 82245*

In Docket No. 82245, Ali challenges the order requiring him to pay Kizzy's attorney fees and costs. We review for an abuse of discretion, *see Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 82, 319 P.3d 606, 616 (2014), and conclude that the district court was authorized to award Kizzy her "reasonable attorney fees . . . and other costs of the proceeding" as the prevailing party. *See* NRS 125C.250 (authorizing an award of attorney fees to the prevailing party in a child custody matter). We also reject Ali's contention that the district court improperly evaluated the parties' disparity in income when considering the issue, as the district court's order makes clear that it considered the information provided in both Ali's and Kizzy's most recent financial disclosure forms when making its decision.[12] *See Miller v. Wilfong*, 121 Nev. 619, 623-24, 119 P.3d 727, 730 (2005) (requiring the district court to "consider the disparity in income of the parties when awarding fees" in a family law case).

*Docket No. 83726*

In Docket No. 83726, Ali challenges several post-judgment orders. As to some of those orders, our review pursuant to NRAP 3(g) reveals a jurisdictional defect. Specifically, some of the orders designated

---

[12]We have considered Ali's remaining arguments regarding the district court's fee award and determine that they lack merit.

SUPREME COURT
OF
NEVADA

(O) 1947A

in Ali's notices of appeal are not substantively appealable. *See* NRAP 3A(b). This court has jurisdiction to consider an appeal only when authorized by statute or court rule. *Taylor Constr. Co. v. Hilton Hotels*, 100 Nev. 207, 209, 678 P.2d 1152, 1153 (1984). No statute or court rule provides for an appeal from an order denying a request to transfer a matter to a different district court department, an order denying a post-judgment motion to dismiss (including a post-judgment anti-SLAPP special motion to dismiss), an order denying a motion for sanctions pursuant to NRCP 11, or an order denying a "Demand for Bill of Particulars and Cause of Accusation U.S. Constitution 6th Amendment."[13] Because these are not appealable orders, we dismiss the appeal in part as to those orders.

Ali argues that the district court abused its discretion when it denied his motion for relief from the judgment pursuant to NRCP 60(b). *See Rodriguez v. Fiesta Palms, LLC*, 134 Nev. 654, 656, 428 P.3d 255, 257 (2018) (reviewing a district court's ruling on a motion for relief from judgment pursuant to NRCP 60(b) for an abuse of discretion). We disagree. As the district court correctly observed, the evidence forming the basis of Ali's motion was available to him before trial and Ali failed to prove that the information was fraudulently concealed from the district court. *See* NRCP 60(b)(2)-(3) (authorizing relief from a final judgment due to "newly discovered evidence that, without reasonable diligence, could not have been discovered in time to move for a new trial" or "fraud[,] misrepresentation, or misconduct by an opposing party"). The district court also did not abuse

---

[13]This court previously dismissed Ali's appeal from two of these orders because they were not substantively appealable. *See Shahrokhi v. Burrow*, 2021 WL 5028911, No. 83662 (Nev. Oct. 28, 2021) (Order Dismissing Appeal).

its discretion when it found Ali failed to prove the district court's order was void for lack of subject matter jurisdiction, *see* NRCP 60(b)(4), and Ali did not demonstrate "any other reason [to] justif[y the] relief" requested, NRCP 60(b)(6). We further conclude that Ali's newly discovered evidence regarding Donald Pearson's interest in a legal business enterprise in Oregon is collateral to the final judgment, which addressed issues of custody, relocation, and child support; therefore, this information did not justify relief from the judgment pursuant to NRCP 60(b). As to Ali's argument that the district court abused its discretion in striking his supplement to his Rule 60 motion, we decline to consider this argument because he failed to support it with any cogent argument or relevant authority. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that this court need not consider claims unsupported by cogent argument or relevant authority).

Lastly, as to Ali's challenges to the orders denying his motions for costs related to the writ petition before this court in Docket No. 82803, we conclude that the district court did not err because neither NRS 18.060 nor NRAP 39 allow an award of costs to a prevailing party in an original proceeding for writ relief.[14]  *See* NRS 18.060 (providing this court with

---

[14]This court rejected Ali's nearly identical request for costs pursuant to NRAP 39 for this same reason. *See Shahrokhi v. Eighth Judicial Dist. Court*, Docket No. 82803 (Order, July 16, 2021).

Although we affirm the district court's denial of costs pursuant to NRS 18.060 for a different reason, *Pack v. LaTourette*, 128 Nev. 264, 267, 277 P.3d 1246, 1248 (2012), we also agree with its conclusion that Ali was not entitled to costs under the statute because this court's writ of mandamus in Docket No. 82803 neither granted him a new trial nor did it modify the underlying judgment.

discretion to award costs of an appeal "[w]here a new trial is ordered [or] a judgment is modified"); NRAP 39 (providing for an award of costs to a prevailing party in a civil appeal); *Logan v. Abe*, 131 Nev. 260, 264, 350 P.3d 1139, 1141 (2015) (explaining that this court reviews a party's eligibility for an award of costs pursuant to statute de novo). And although Ali urges that he was entitled to costs pursuant to NRS 18.020(4), we decline to consider this argument because he failed to raise it before the district court. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (providing that an argument not raised in the district court is "waived and will not be considered on appeal"). For the foregoing reasons, we

ORDER the appeal in Docket No. 83726 DISMISSED IN PART and the judgments of the district court AFFIRMED.[15]

_____, C.J.
Parraguirre

_____, J.
Herndon

_____, Sr.J.
Gibbons

cc:    Hon. Linda Marie Bell, Chief Judge
       Hon. Mathew Harter, District Judge
       Hon. Dawn Throne, District Judge
       Ali Shahrokhi
       Kizzy Burrow
       Eighth District Court Clerk

---

[15]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.